**ASHLEY D. ADAMS, PLC**
Ashley D. Adams, 013732
4301 N. 75th Street
Suite 105
Scottsdale AZ 85251
Phone:       (480) 219-1366
Facsimile:   (480) 219-1451
aadams@azwhitecollarcrime.com
Attorney for Defendant Sherry Ann Pierce

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR17-713-PHX-JTT |
|---|---|
| Plaintiff, | **DEFENDANTS' JOINT MOTION TO PRECLUDE THE ADMISSION OF EVIDENCE OBTAINED BY IMPROPER USE OF RULE 17 SUBPEONAS** |
| v. | |
| Gary Leonard Pierce, George Harry Johnson, James Franklin Norton and Sherry Ann Pierce, | **(Defendants Out of Custody)** |
| Defendants. | **(Oral Argument Requested** |

Defendants, by and through undersigned Counsel, hereby move to for an Order in *limine* precluding the admission of evidence obtained improperly through the use of Fed.R.Crim.Pro. 17 trial subpoenas. This Motion is supported by the attached Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     The government has improperly used Rule 17 trial subpoenas to continually investigate its case, without prior Court approval, and have advised subpoena recipients to produce requested documents directly to the FBI or the U.S. Attorney's Office, rather than this Court, as is required by the rule.**

"Rule 17 governs the issuance of subpoenas in criminal cases." Charles Alan Wright, et al., *Federal Practice and Procedure,* § 271 (4th ed.2014). Parties are bound to follow—and not exceed—its authorization of subpoena power. *Id.* The Rule, "is not intended to provide a means for discovery is criminal cases…" *United Stated v. Nix*, 418 U.S. 683, 698 (1974.) By "leaving advance production to the court's discretion, the Rule "is no mere technicality. It is a vital protection against misuse or improvident use of such subpoenas." *United States* v. *Noriega,* 764 F. Supp. 1480, 1493 (S.D.Fla.1991.)

The government is improperly using Rule 17 subpoenas as fishing rods to continually investigate its case. For example, as late as December 20, 2017, the government issued a "Trial Subpoena" to Pioneer Title Agency for records related to the Pierces' sale of their cabin located in Forest Lakes Arizona.[1] The government did not seek leave of Court prior to serving the subpoena. Even though such records are required to be produced to the Court pursuant to Rule 17(c)(1), the records were produced to Agent Shefveland, who thereafter disclosed them to Defendants. (*See* December 20, 2017, subpoena to Pioneer Title Agency and corresponding cover letter from the United States Attorney's Office included in Exhibit 1.)

There have been at least six other Rule 17 trial subpoenas issued in the same manner since September of 2017, and there may be more. (*See* FBI Evidence Number 187, Trial

---

[1] The Subpoena is in the name of Gary Franklin Pierce and Sherry Pierce. Mr. Pierce's middle name is Leonard, not Franklin. Franklin is Jim Norton's middle name.

**ASHLEY D. ADAMS, PLC**
4301 N. 75th Street, Suite 105
Scottsdale, AZ 85251
(480) 219-1366
(480) 219-1366

2

Subpoenas complied with by February 2, 2018, included in Exhibit 1.)  It does not appear as if the government sought Court approval before having *any* of these subpoenas issued.   None of the Defendants received a copy of the subpoena until after the documents were produced.  In addition, it appears that the cover letters accompanying such subpoenas directed that responsive documents were produced to Agent Shefveland rather than this Court, which Rule 17(c) requires.  Defendants request that this Court preclude the government from introducing the documents at trial which were obtained in this improper manner.  Like other actions of the government in disregarding this Court's Orders in this case,[2] such conduct is reckless, abusive, and demonstrates a complete disregard for the process contemplated by Rule 17.

As noted by the Honorable Emmet G. Sullivan, District Judge for the United States District Court for the District of Columbia in *United States v. Binh Tang Vo*, CR 13-168 (EGS), when quashing Rule 17 subpoenas that were issued without Court approval, and when the government directed the recipient to produce the records directly to the U.S Attorney's Office:

> The government's power when prosecuting criminal cases is not infinite. Nor does it extend to any power not specifically forbidden by law. In this case, the government has ostensibly exercised the power to serve subpoenas *duces tecum*, a power provided by Federal Rule of Criminal Procedure 17. The government has not relied on any other authority for its actions, so it would seem obvious that the government may serve subpoenas only in a manner authorized by Rule 17.  The government in this case overstepped Rule 17. The government claims to have a longstanding practice of "inviting" subpoenaed parties to make a pretrial production to it directly, but cannot articulate the legal basis for doing so. Instead, the government makes standing and mootness arguments with which the Court dispenses quickly. At oral argument, the government's defense was reminiscent of a grade schooler seeking to avoid detention: Our actions are authorized because nothing specifically prohibits them. Never mind that Rule 17 does not authorize pretrial production absent Court approval. The

---

[2] *See* Motion in *Limine* related to Untimely Disclosed Evidence filed under Seal.

ASHLEY D. ADAMS, PLC
4301 N. 75th Street, Suite 105
Scottsdale, AZ 85251
(480) 219-1366
(480) 219-1366

government's inability to provide legal support for its actions is telling: There is no support. Accordingly, upon consideration of the motions to quash, the response and reply thereto, the oral argument, the applicable law, and the entire record, the Court GRANTS the motions.

(A copy of the above Memorandum Decision is attached hereto as Exhibit 2. )

Judge Sullivan noted that Rule 17, "provides a limited grant of authority," requiring pretrial production *only with Court approval*, so as to protect "against misuse or improvident use of subpoenas." (EX 2, p. 13, citations omitted, emphasis added.) The Court noted that the government has the burden to show: 1) relevancy; 2) admissibility; and 3) specificity, *citing United States, v. Nixon*, 418 U.S. 683, 700 (1974) (EX 2, p. 17.) The "test…is whether the subpoena constitutes a good faith effort to obtain identified evidence rather than a general fishing expedition that attempts to use the rule as a discovery device." *Id.*

The government in this case has unilaterally decided it did not need to comply with any safeguards afforded the defendants by Rule 17, and by *United States v. Nixon*, supra., as it bypassed the production of documents to this Court. The government also subpoenaed financial records of all of the Defendants in the same manner. (*See* EX 1.) The government utilized Rule 17 in a manner to review confidential financial information protected by The Right to Financial Privacy Act of 1978 ("RFPA"), 12 U.S.C. §3401-22 2012. RFPA protects customers' records, maintained by financial institutions, from improper disclosure to officials or agencies of the federal government. *Id.* Section §3402 of RFPA prohibits financial institutions from disclosing to the government records held without the government first notifying the customer and allowing for a waiting period. *Id.* at §3410. The statute outlines the process the government is required to follow. Generally, the financial institution needs to receive a certificate of compliance. 32 CFR part 275 Enclosure 42004.

4

Seven months after the government indicted these Defendants, it had Rule 17 subpoenas issued for phone records, title reports, bank records, and ACC records. (*See* EX 1.) There may be more. The government is not just collecting items which it knows are pertinent, but instead using broad "fishing" type Rule 17 subpoenas as discovery devices. The government is hoping that "something useful will turn up." *See* EX 2, p. 19; *United States v. Nix*, 251 F. Supp.3d 555, 565 (W.D. New York 2017.) The government had no idea at the time it improperly obtained these documents whether they were relevant or important. This Court should send a message that the government's abuse of process in this case should not be permitted and preclude all such documents which were obtained via a Rule 17 subpoena without prior court approval from being used at trial.

## II. Conclusion.

For the reasons stated above, Defendants respectfully request that this Court issue an order in *limine,* precluding the admission of evidence obtained improperly through the use of Rule 17 trial subpoenas.

RESPECTFULLY SUBMITTED this 20th of March, 2018.

**ASHLEY D. ADAMS, PLC**

By: *s/Ashley D. Adams*
    Ashley D. Adams
    Attorney for Defendant Sherry Ann Pierce

**MATHEW & ASSOCIATES**

By: /s/ Ivan K. Mathew (w/permission)
    IVAN K. MATHEW
    Attorneys for Defendant James Norton

ASHLEY D. ADAMS, PLC
4301 N. 75th Street, Suite 105
Scottsdale, AZ 85251
(480) 219-1366
(480) 219-1366

**PATRICIA A. GITRE, P.L.C.**

By: /s/ Patricia A. Gitre (w/permission)
PATRICIA A. GITRE
Attorneys for Defendant Gary L. Pierce

**GALLAGHER & KENNEDY, P.A.**

By: /s/ Woody Thompson (w/permission)
WOODY THOMPSON
JAY S. VOLQUARDSEN
HANNAH H. PORTER
Attorneys for Defendant George H. Johnson

CERTIFICATE OF SERVICE

I hereby certify that on 20th of March, I electronically transmitted foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ ECF registrants:

THE HONORABLE JOHN J. TUCHI
United States District Court
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street
Phoenix, AZ 85003-2156
Phone: (602) 322-7510
tuchi_chambers@usd.uscourts.gov


Fred Battista
Assistant U.S. Attorney
United States Attorney's Office
Two Renaissance Square
40 North Central Avenue, Ste 1200
Phoenix, Arizona 85004
Fred.Battista@usdoj.gov

ASHLEY D. ADAMS, PLC
4301 N. 75th Street, Suite 105
Scottsdale, AZ 85251
(480) 219-1366
(480) 219-1366

Frank Galiti
Assistant U.S. Attorney
United States Attorney's Office
Two Renaissance Square
40 North Central Avenue, Ste 1200
Phoenix, Arizona 85004
Frank.Galati@usdoj.gov

Pat Gitre
Patricia A. Gitre PLC
801 N. 1ST Avenue
Phoenix, Arizona  85003
602-320-0314
patgitre@patriciagitre.com

Ivan K. Mathew
Mathew & Associates
6245 N. 24th Parkway, Suite 207
Phoenix, Arizona 85016
602-254-8088
ikmathew@mathewlaw.com
Woodrow Thompson

Hannah Porter
Gallagher & Kennedy
2575 E. Camelback Road, Suite 1100
Phoenix, AZ 85016-9225
Hannah.porter@gknet.com
woody.thompson@gknet.com


*s/ Mali Evans*
Mali Evans
Legal Assistant to Ashley D. Adams

**ASHLEY D. ADAMS, PLC**
4301 N. 75th Street, Suite 105
Scottsdale, AZ 85251
(480) 219-1366
(480) 219-1366