**ASHLEY D. ADAMS, PLC**
**Ashley D. Adams, 013732**
4301 N. 75th Street
Suite 105
Scottsdale AZ 85251
Phone: (480) 219-1366
Facsimile: (480) 219-1451
aadams@azwhitecollarcrime.com
Attorney for Defendant Sherry Ann Pierce

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Gary Leonard Pierce, George Harry Johnson, James Franklin Norton and Sherry Ann Pierce,<br><br>Defendants. | No. CR17-713-PHX-JTT<br><br>**DEFENDANT SHERRY PIERCE'S MOTION TO PRECLUDE THE TESTIMONY OF GAYLE BURNS**<br><br>**(Defendant Out of Custody)**<br><br>**(Oral Argument Requested)** |

Defendant Sherry Pierce, by and through undersigned counsel, hereby files her motion *in limine* to preclude the testimony of government witness Gayle Burns on the basis that she has no relevant personal knowledge regarding the allegations of the Indictment. Gayle Burns' entire testimony is based on what was told to her by Kelli Norton. This Motion is based on the attached Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    Summary of Gayle Burns' testimony.**

The government has produced the recorded interview and the FBI 302 of witness Gayle Burns, the wife of Arizona Corporation Commissioner, Bob Burns. Presumably, the government intends to try and bolster the credibility of Kelli Norton's story, by calling Gayle Burns as a witness. According to Gayle Burns, Kelli Norton told her that Gary Pierce was being bribed by George Johnson. Ms. Burns provided additional information to agents, all of which was relayed to her by Kelli Norton.

Attached as Exhibit 1 is the FBI 302 of Gayle Burns. For the Court's convenience, attached as Exhibit 2 is a transcript of the recorded interview. According to Burns, she was like a, "mother figure" to Norton, who would often share things with Burns. Burns claims Kelli Norton told her about Jim Norton's extra marital affair, and other problems that the Nortons were having. (EX 2, Transcript [hereinafter "TR,"] p. 5-8.) Eventually, according to Burns, Kelli told her that Jim Norton wanted Sherry Pierce to work for Kelli. Kelli told Gayle that she was getting paid by "Johnson Water," and that then Kelli would pay Sherry Pierce. Kelli also told Gayle that the Pierces "needed the money." Kelli told Burns that Sherry Pierce did not really do anything for the funds that she was paid, and that she was "hardly ever there." (EX 2, TR., p. 8.)

Burns told agents that told her about some of the other allegations in the Indictment. Kelli also told Burns that Johnson gave Kelli a $25,000 check, which Kelli spent on bills. (EX 2, TR., p. 18.) Finally, Kelli told Burns that Gary Pierce and Jim Norton were working on a real estate deal, and George Johnson was going to pay for the land. Even though Gayle Burns' husband was a Commissioner at the same, she apparently never told her husband about

2

any of these things Norton told her. (EX 2, TR., p. 10.) Burns admitted during the interview that she has no independent knowledge of these events, and that she was relaying to agents, "what I was told." (EX 2, TR., p. 9.)

**II.     Gayle Burns' testimony is based on inadmissible hearsay and is cumulative.**

Ms. Burns' testimony is based entirely on hearsay, and should be precluded. The statements made to Ms. Burns by Norton are being offered for the truth, and for no other purpose. Fed.R.Evid. 801(c). There are no hearsay exceptions that would permit the admissibility of such testimony during the government's case in chief. Kelli Norton herself can testify about the allegations in the Indictment. Ms. Burns' recount of Kelli Norton's story has no more reliability than the testimony of Kelli Norton, and should be stricken as hearsay pursuant to Rule 801(c). Ms. Burns' testimony is also cumulative pursuant Rule 403, another basis to preclude her testimony. Rule 403 of the Federal Rules of Evidence allows the court to exclude evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. All of these factors are present here.

**III.    Gayle Burns testimony is not admissible pursuant to Fed.R.Evid. 801(d)(1)(B)(i) as Ms. Burns is being called to bolster the credibility of Kelly Norton.**

Fed.R.Evid. 801(d)(1) provides as follows:

(d) Statements That Are Not Hearsay. A statement that meets the following conditions is not hearsay:

> (1) A Declarant-Witness's Prior Statement. The declarant testifies and is subject to cross-examination about a prior statement, and the statement:
>
> > (A) is inconsistent with the declarant's testimony and was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition;

3

(B) is consistent with the declarant's testimony and is offered:

(i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or

(ii) to rehabilitate the declarant's credibility as a witness when attacked on another ground; or

Under the above rule, prior consistent statements are admissible *only* if offered to rebut a charge of recent fabrication or improper influence or motive. They are not admissible, "to counter all forms of impeachment or to bolster the witness merely because she has been discredited." *Tome v. United States*, 513 U.S. 150, 157 (1995) (reversing defendant's conviction for aggravated sexual assault against his daughter on an Indian reservation and holding that child's prior consistent statements were inadmissible because they were made after her alleged motivation to lie about molestation.) The *Tome* Court added a "temporal" requirement, holding that prior consistent statements made after the date of the alleged motivation to lie are inadmissible. *Id.* at 158.

Gayle Burns' retelling of Kelly Norton's story is being offered to bolster the credibility of Kelly Norton, and for no other purpose. *See U.S. v. Gonzales*, 533 F.3d 1057, 1061 (9th. Cir. 2008). In *Gonzales*, the Court found that the victim's story of rape, which was retold by a police officer in English as was told to him in Spanish, was hearsay, and not admissible under Fed.R.Evid. 801(d)(1)(B). The testimony, the Court found, was not being offered to rebut an express or implied charge of recent fabrication, improper influence or motive. Instead, the Court found, such testimony improperly and prejudicially "bolstered" the credibility of the victim. *Id*. at 1061. The Court noted: "Rule 801(d)(1)(B) should not be read to open "the

4

floodgates" to any prior consistent statement. To conclude that the cross-examination of Tirado opened the door to Sergeant Garza's retelling of her story would remove the restraint on prior consistent statements that Rule 801(d)(1)(B) imposes. The district court erred in admitting it." *Id.,* citing *Tome*, 513 U.S. at 162.

Even if Kelly Norton is impeached, or discredited at trial, Defendants have not opened the door for the government to have Gayle Burns retell Norton's story. Rule 801(d)(1)(B) "speaks of a party rebutting an alleged motive, not bolstering the veracity of the story told." *Tome,* at 157-58. While Norton's statements to Burns may be probative on whether the conduct had occurred, they shed no light on whether Norton had any motive to fabricate. *See id.* at 165. The government is introducing the testimony of Burns as evidence of Norton's credibility, and as evidence of the Defendants' guilt. The prior consistent statement must have a "probative force bearing on credibility beyond merely showing repetition. *See U.S. v. Drury*, 396 F.3d 1303, 1316 (11th Cir. 2005). There is no such probative force here.

## IV. <u>Conclusion.</u>

For the above stated reasons, Defendant Sherry Pierce respectfully requests that this Court preclude Gayle Burns from testifying on the basis that any relevant testimony is based on hearsay, is cumulative, and is being offered to bolster the credibility of Kelly Norton.

RESPECTFULLY SUBMITTED this 23rd of March, 2018.

**ASHLEY D. ADAMS, PLC**

By: *s/Ashley D. Adams*
    Ashley D. Adams
    Attorney for Defendant Sherry Ann Pierce

5

# CERTIFICATE OF SERVICE

I hereby certify that on the 23rd of March, 2018, I electronically transmitted foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ ECF registrants:

THE HONORABLE JOHN J. TUCHI
United States District Court
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street
Phoenix, AZ 85003-2156
Phone: (602) 322-7510
tuchi_chambers@usd.uscourts.gov

Fred Battista
Assistant U.S. Attorney
United States Attorney's Office
Two Renaissance Square
40 North Central Avenue, Ste 1200
Phoenix, Arizona 85004
Fred.Battista@usdoj.gov

Frank Galiti
Assistant U.S. Attorney
United States Attorney's Office
Two Renaissance Square
40 North Central Avenue, Ste 1200
Phoenix, Arizona 85004
Frank.Galati@usdoj.gov

Pat Gitre
Patricia A. Gitre PLC
801 N. 1ST Avenue
Phoenix, Arizona  85003
602-320-0314
patgitre@patriciagitre.com

Ivan K. Mathew
Mathew & Associates
6245 N. 24th Parkway, Suite 207
Phoenix, Arizona 85016
602-254-8088
ikmathew@mathewlaw.com

Woodrow Thompson
Hannah Porter
Gallagher & Kennedy
2575 E. Camelback Road, Suite 1100
Phoenix, AZ 85016-9225
Hannah.porter@gknet.com
woody.thompson@gknet.com

*s/ Mali Evans*
Mali Evans
Legal Assistant to Ashley D. Adams