**ASHLEY D. ADAMS, PLC**
Ashley D. Adams, 013732
4301 N. 75th Street
Suite 105
Scottsdale AZ 85251
Phone:      (480) 219-1366
Facsimile:  (480) 219-1451
aadams@azwhitecollarcrime.com
Attorney for Defendant Sherry Ann Pierce

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Gary Leonard Pierce, George Harry Johnson, James Franklin Norton and Sherry Ann Pierce,<br><br>    Defendants. | No. CR17-713-PHX-JTT<br><br>**DEFENDANT SHERRY PIERCE'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER RE: DKT. 141 GOVERNMENT'S EVIDENCE OF STATE LAW VIOLATIONS** |

Defendant Sherry Pierce, by and through undersigned counsel, hereby files her Motion for Reconsideration of this Court's Order on Norton's Motion *in Limine* regarding allowing the government to introduce evidence regarding the alleged failure to disclose conflicts. (DKT. 141.) [1] This Motion for Reconsideration is supported by the attached Memorandum of Points and authorities.

---

[1] Counsel is mindful that Motions for Reconsideration are to be filed rarely. However, there was no discussion in Mr. Norton's Motion, or the government's response about the actual statute itself. The parties further did not address the Due Process implications which are present if the Court allows such evidence to be introduced at trial.

## MEMORANDUM OF POINTS AND AUTHORITIES.

This Court ruled that the federal government may introduce evidence relating to alleged violations of Arizona's disclosure laws found at A.R.S. § 38-501 *et seq*. The government wants to ask each of the former Commissioners who voted as did Mr. Pierce whether their votes would have changed, "if they had knowledge of, or if any of the defendants revealed, the illicit and purposefully concealed arrangement whereby money flowed from the owner of a regulated utility to an elected public official whose job it was to regulate his benefactor." (DKT. 164, p. 3, lns. 3-7.) In other words, the government wants to ask whether their votes would have different if they knew Mr. Pierce was being bribed.

The above question is improper, and if allowed, would be reversible error. The question assumes that a crime was committed, thereby impermissibly relieving the government of its burden to prove a bribe occurred. *See Mejia v. Garcia,* 534 F.3d 1036, 1042 (9th Cir. 2008) "[T]he Due Process Clause of the Fourteenth Amendment requires that the prosecution prove beyond a reasonable doubt every fact necessary to establish each element of the crimes charged.") Trial courts may not create mandatory presumptions which relieve the prosecution of its burden to prove facts to the jury beyond a reasonable doubt. *Id.*

Such a question also assumes facts not in evidence. The question assumes that there is something improper about Sherry Pierce working for KNB Consulting. The question also assumes that the Pierces did, in fact, violate Arizona's disclosure laws. The government has not disclosed an expert who will testify as to either of these points. Any attempt to elicit such testimony at trial at this point should be stricken as not timely disclosed.

ASHLEY D. ADAMS, PLC
4301 N. 75th Street, Suite 105
Scottsdale, AZ 85251
(480) 219-1366
(480) 219-1366

Regardless, Arizona law did not require Gary Pierce to disclose that his wife was working for a company owned by Kelly Norton. In addition, even if they had known, the law did not require the Pierces to disclose that Ms. Pierce's salary was indirectly coming from Johnson Utilities. A.R.S. § 38-503(B), states in relevant part: "Any public officer…who has, or whose relative has, a *substantial* interest in any decision of a public agency shall make known such interest in the official records of such public agency and shall refrain from participating in any manner as an officer…in such decision." [2] "Substantial Interest" is defined as "any pecuniary or proprietary interest, either direct or indirect, *other than a remote interest*. A.R.S. § 38-502(11). The interests of public officers and their relatives are remote **unless the contract or decision involved would confer a direct benefit or detriment on the officer or his relative of another political subdivision.** A.R.S. §38-502(10)(i).

Mrs. Pierce's employment with KNB Consulting was clearly a "remote interest" within the meaning of the above statute. The government alleges Mr. Pierce voted to allow Johnson Utilities to raise its rates, and in favor of the income tax pass through policy, in exchange for the bribe. The Pierce's had no ownership interest in Johnson Utilities and thus the vote conferred no direct economic benefit to them. The only alleged pecuniary interest is the bribe itself. Taking a bribe is prohibited. A.R.S. §38-504(C)). A substantial interest is not a bribe because a bribe is illegal. In other words, unless the money that Mrs. Pierce received for her work was actually a bribe, there was no duty to disclose that Mrs. Pierce was working for

---

[2] Gary Pierce is a public officer of the state as defined by ARS §38-502(8). Sherry Pierce is a relative as defined by ARS §38-502(9).

ASHLEY D. ADAMS, PLC
4301 N. 75th Street, Suite 105
Scottsdale, AZ 85251
(480) 219-1366
(480) 219-1366

KNB Consulting. The government is trying to put the cart before the horse, and in doing so, interfering with the Pierces' Due Process rights.

In sum, since the alleged employment of Ms. Pierce was a remote interest, there was no obligation to disclose it pursuant to ARS §38-503(B). Since there was no requirement to disclose, the federal government should not be permitted to allege that Mr. Pierce's failure to disclose his wife's employment pursuant to ARS §38-503(B) is evidence of concealment. For these reasons, Defendant Sherry Pierce respectfully requests that this Court reconsider its ruling on DKT. 141 and not allow the government to introduce evidence of Arizona's disclosure laws, either through questions to witnesses, or otherwise.

RESPECTFULLY SUBMITTED this 27th day of May, 2018.

**ASHLEY D. ADAMS, PLC**

By: *s/Ashley D. Adams*
Ashley D. Adams
Attorney for Defendant Sherry Ann Pierce

CERTIFICATE OF SERVICE

I hereby certify that on I electronically transmitted foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

THE HONORABLE JOHN J. TUCHI
United States District Court
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street
Phoenix, AZ 85003-2156
Phone: (602) 322-7510
tuchi_chambers@usd.uscourts.gov

4

Fred Battista
Assistant U.S. Attorney
United States Attorney's Office
Two Renaissance Square
40 North Central Avenue, Ste 1200
Phoenix, Arizona 85004
Fred.Battista@usdoj.gove

Frank Galiti
Assistant U.S. Attorney
United States Attorney's Office
Two Renaissance Square
40 North Central Avenue, Ste 1200
Phoenix, Arizona 85004
Frank.Galati@usdoj.gov

Pat Gitre
Patricia A. Gitre PLC
801 N. 1ST Avenue
Phoenix, Arizona 85003
602-320-0314
patgitre@patriciagitre.com

Ivan K. Mathews
Susan Mathews
Mathew & Associates
6245 N. 24th Parkway, Suite 207
Phoenix, Arizona 85016
602-254-8088
ikmathew@mathewlaw.com

Woodrow Thompson
Hannah Porter
Gallagher & Kennedy
2575 E. Camelback Road, Suite 1100
Phoenix, AZ 85016-9225
Hannah.porter@gknet.com
woody.thompson@gknet.com


*s/ Mali Evans*
Mali Evans
Legal Assistant to Ashley D. Adams

**ASHLEY D. ADAMS, PLC**
4301 N. 75th Street, Suite 105
Scottsdale, AZ 85251
(480) 219-1366
(480) 219-1366